UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-124-JBC

AILEEN ROBERTS GILLEY                                                                  PLAINTIFF

V.                         <u>MEMORANDUM OPINION AND ORDER</u>

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Aileen Roberts Gilley's appeal of the Commissioner's denial of her application for Disability Insurance Benefits. The court will grant the Commissioner's motion, R. 11, and deny Gilley's motion, R.10, because substantial evidence supports the administrative decision.

At the date of application for Disability Insurance Benefits ("DIB"), Gilley was a forty-seven-year-old female. AR 10, 30. She attended school until the eighth grade and can communicate in English. AR 32, 99. Prior to the alleged disability, she worked as a waitress, AR 264; however, for purposes of this claim she has no past relevant work. AR 23. She alleged disability beginning on October 1, 1999, following a motor vehicle accident that required a partial liver re-section, splenectomy, and abdominal skin grafting. AR 16, 18, 264. She filed her claim for DIB on May 31, 2006. AR 16. The claim was denied initially on August 24, 2006,

and on reconsideration on December 12, 2006. *Id*. After a hearing on March 3, 2009, Administrative Law Judge ("ALJ") Michael S. Maram determined that Gilley is not disabled under Section 1614(a)(3)(A) of the Social Security Act. AR 25. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Gilley has not engaged in substantial gainful activity since May 31, 2006, the date of application for DIB, AR 18; that she has severe impairments, including abdominal hernia, degenerative joint disease of the knees, and degenerative disc disease of the thoracic spine that were caused by a motor vehicle accident in 1999 and resulted in a partial liver re-section, splenectomy, and abdominal skin grafting, *Id.*; that her impairments or combination of impairments did not meet or equal a listing in the Listing of Impairments, *Id.*; that she had "the residual functional capacity ["RFC"] to perform restricted range of light work," AR 19, even though she has no history of relevant work, AR 19, 23-24; and that based on her RFC, jobs exist in significant numbers in the national economy that she can perform, AR 24. The ALJ thus denied her claim for DIB on April 13, 2009. AR 24-25. The Appeals Council denied Gilley's request for review on February 17, 2011, AR 4-6, and she commenced this action.

     Gilley challenges the ALJ's ruling on the following grounds: (1) the ALJ erred in finding Gilley's testimony was not credible; (2) the ALJ erred in determining that Gilley possessed a RFC to perform restricted light work; and (3) the ALJ erred in formulating his hypothetical question to the vocational expert ("VE").

The ALJ properly considered Gilley's testimony regarding the intensity, persistence, and limiting effect of her symptoms in light of the ALJ's own observations of Gilley and the medical evidence of record. Gilley testified that lack of strength, stomach pain, and nausea would impair her if she attempted to return to work. AR 33. She also testified that she experiences pain when standing more than fifteen to twenty minutes and when sitting for more than thirty to forty-five minutes. AR 34. Gilley complained of dizziness, fatigue, back pain, and constipation, AR 139 & 152, and stated that she is incapable of lifting more than five pounds due to her abdominal skin graft. AR 34-35. While a claimant's subjective statements of pain and symptoms can support a claim for disability if also supported by objective medical evidence of an underlying medical condition, 20 CFR 416.929(a), Gilley's statements cannot support a claim for disability because the ALJ properly found that Gilley's testimony was not credible.

Gilley claims that the ALJ erred because he failed to adhere to the requirements of 20 CFR 416.929, which provides that statements about the intensity and persistence of a claimant's pain or symptoms will not be rejected "solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 CFR 416.929(c)(2). An ALJ, however, may discount the credibility of testimony "where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531-32 (6th Cir. 1997). The record demonstrates that the ALJ provided multiple justifications for his credibility finding. The ALJ found

that Gilley's claims, as well as her daughter's testimony and that of a friend, are generally inconsistent with the medical evidence of record. AR 23. He observed that Gilley has not participated in ongoing treatment or therapy and has failed to follow up on treating doctors' recommendations. *Id*. The ALJ further noted that the pain medications prescribed to Gilley "would not seem to support her alleged extreme pain." AR 22. Additionally, the ALJ cited specific contradictions to Gilley's testimony that are unrelated to her medical record: her alleged inability to work, despite her ability to provide full-time daycare in 2006, AR 23, and her "unpersuasive appearance and demeanor" while in court. AR 22. The ALJ's determination that Gilley's testimony lacked credibility is supported by substantial evidence, *see Brainard v. Sec'y of Health & Human Services.,* 889 F.2d 679, 681 (6th Cir. 1989), and is in accordance with 20 CFR 416.929.

    The ALJ also properly assessed that Gilley has an RFC to perform a restricted range of light work as defined in 20 CFR 416.967(b). AR 19. Gilley alleges that the ALJ's RFC assessment should have included the limitations to which she testified – *i.e.*, those related to her sustained injuries, skin graft, and pain – because the limitations are reasonably consistent with the objective medical evidence and other evidence. R.10, p.8,10. The ALJ, however, properly determined that her testimony was not credible, and statements found not credible may be discounted. *See Walters,* 127 F.3d at 531-32 (6th Cir. 1997). Furthermore, the medical record is consistent with the ALJ's finding of Gilley's RFC.

4

The ALJ, in making his determination, reviewed Gilley's medical record and relied on the findings of Dr. Robin R. Hughes, who administered orthopedic and neurological examination and testing.  AR 22-23.  Dr. Hughes noted that Gilley did display spasm and tenderness of the mid-thoracic spine but that all back-pain tests were negative.  AR 21, 265.  Gilley did not display any restrictions with gross or fine-motor dexterity of the hands; her grip-test results were forty pounds and thirty-five pounds on the right and left hand, respectively.  AR 21, 65-66.  Further, her range-of-motion test results were all within the normal range except for those pertaining to her knees, which were slightly outside the normal range.  AR 21, 265, 268.  Dr. Hughes observed that Gilley was able to walk on her heels and toes, squat, deep-knee bend, rise from a chair, and move about the room without an assistive device.  AR 21, 266.  While Gilley reported to Dr. Hughes that she was unable to lift more than five pounds without abdominal pain, she has admitted to caring for children full-time, which suggests the contrary.  AR 23, 264.

The ALJ further observed that his assessment of Gilley's RFC was supported by the State Disability Determination Services and that his opinions were not contrary to the medical statements of Gilley's examining or treating physicians.  AR 23.  Even though Gilley's medical records do not contain any limiting opinion by a treating physician, the ALJ restricted Gilley's RFC to include a limitation for "simple, routine, repetitive tasks only as embraced by the unskilled and lower end of the semi-skilled occupational base" to allow, to some degree, for Gilley's condition, as she testified to it, and for any mental health issues that may affect

5

her. AR 19, 23. As the ALJ determined, nothing in Gilley's medical records supports a more limited RFC determination; therefore, the ALJ's assessment of Gilley's RFC is supported by substantial evidence.

Finally, the ALJ properly posed his hypothetical question to the VE. Gilley asserts that the ALJ erred by failing to accurately portray her limitations in his hypothetical question to the VE. The ALJ's hypothetical question was accurate, however, because he incorporated the limitations he accepted as credible. *See Casey v. Sec'y of Health and Human Services,* 987 F.2d 1230, 1235 (6th Cir. 1993)(stating that "an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."). The hypothetical which the ALJ asked the VE accurately portrayed Gilley's limitations, to the extent that the ALJ found them credible, and the VE identified work that a person with such limitations can perform.

Gilley further argues that the VE's response to a different question, in which he stated that Gilley's self-described limitations "would remove her from work activity," AR 47, should have led the ALJ to determine that she is disabled. However, the ALJ does not have to consider the VE's response to a question that assumes testimony is credible if the ALJ determines such testimony is not credible. *Varley v. Sec'y of Health and Human Services,* 820 F.2d 777, 780 (6th Cir. 1987). The VE's response to the ALJ's hypothetical provides substantial evidence in support of the ALJ's determination that Gilley is not disabled, *see Davis v. Sec'y of Health & Human Services,* 915 F.2d 186, 189 (6th Cir. 1990); therefore, the ALJ

met his burden of proof in concluding that significant numbers of jobs exist in the national economy that Gilley can perform.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Gilley's motion for summary judgment, R.10, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R.11, is **GRANTED**.

The court will enter a separate judgment.

Signed on May 30, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY